UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEREK ROBERT PARCELL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF SAN JOSE and OFFICER ISMAEL PEREZ,<br><br>　　　　Defendants. | Case No.  25-cv-02461-BLF<br><br>**ORDER SCREENING PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915; AND DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>[Re:  ECF 9] |

Plaintiff Derek Robert Parcell is proceeding in this case *pro se* and *in forma pauperis* ("IFP").  He filed this suit on March 11, 2025 against the City of San Jose and one of its officers, Officer Ismael Perez, for alleged federal constitutional violations and related state law claims arising out of Officer Perez's response to a traffic accident that occurred on December 12, 2024. *See* Compl., ECF 1.  The Court issued an order ("Prior Screening Order") granting Plaintiff leave to proceed IFP, screening his complaint, and dismissing the complaint with leave to amend pursuant to 28 U.S.C. § 1915.  *See* Prior Screening Order, ECF 8.  Plaintiff timely filed a first amended complaint ("FAC") which the Court now screens.  *See* FAC, ECF 9.

**I.    LEGAL STANDARD**

When a district court grants IFP status, the court must screen the complaint and dismiss the action if it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief."  28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (screening requirement of § 1915(e) applies to all IFP complaints).

## II. DISCUSSION

When screening Plaintiff's original complaint, the Court observed that the only potential basis for federal subject matter jurisdiction was a single federal claim asserted by Plaintiff under 42 U.S.C. § 1983 for violation of his federal due process rights. *See* Prior Screening Order at 3. Plaintiff had alleged that Officer Perez had responded to the traffic accident but had fabricated his police report, stating that Plaintiff was at fault when the other driver clearly was at fault, and had failed to conduct a fair investigation. *See id.* The Court advised Plaintiff that allegations of an inadequate investigation by law enforcement are insufficient to support a § 1983 claim, and that while allegations of a fabricated police report may be sufficient to support a due process claim, the plaintiff must allege a resulting deprivation of liberty. *See id.* at 3-4. Plaintiff had not alleged such a deprivation in the complaint. *See id.* at 4. The Court therefore dismissed the complaint and granted Plaintiff leave to amend his due process claim. *See id.* The Court limited any amendment to the due process claim and prohibited Plaintiff from adding additional parties or claims without obtaining leave of the Court. *See id.*

The FAC asserts three federal constitutional claims under § 1983, in violation of the Court's Prior Screening Order. However, all of the claims are grounded in the same allegation that Officer Perez fabricated his police report about the traffic accident. *See* FAC ¶¶ 11-24. Plaintiff alleges a claim of fabrication of evidence against Officer Perez grounded in the allegedly false police report (First Cause of Action); a claim of due process violation against Officer Perez also grounded in the allegedly false police report (Second Cause of Action); and a *Monell* claim against the City of San Jose for, among other things, tolerating false police reports (Third Cause of Action). *See id.* Accordingly, the Court will consider all three asserted federal claims when screening the FAC.

Plaintiff has failed to cure the defects in his pleading. With respect to his First Cause of Action for fabrication of evidence, Plaintiff has not alleged that the allegedly false police report resulted in a deprivation of liberty. "To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." *Spencer v. Peters*, 857 F.3d

789, 798 (9th Cir. 2017). Typically, a deliberate fabrication claim alleges that the plaintiff was charged with, or convicted of, a crime based on fabricated evidence. *See Caldwell v. City & Cnty. of San Francisco*, 889 F.3d 1105, 1115 (9th Cir. 2018). Plaintiff has not alleged that he was charged with a crime or otherwise suffered a deprivation of a constitutional right that would support a claim for deliberate fabrication. Plaintiff does allege that Officer Perez's deliberate fabrication of the police report has caused him "financial loss, reputational damage, and emotional distress." FAC ¶ 14. The Court is unaware of any cases finding such allegations sufficient to support a claim of constitutional deprivation arising from deliberate fabrication of evidence; to the contrary, other district courts have rejected similar allegations as insufficient. *See, e.g., Ross v. Snohomish Cnty.*, No. C13-1467JLR, 2014 WL 1320125, at *9 (W.D. Wash. Mar. 28, 2014) (holding that a plaintiff "must allege that some constitutional harm befell him as a result of the fabrication," and that "emotional distress and injury to reputation" are not enough).

With respect to his Second Cause of Action for violation of due process, which also is grounded in the allegedly fabricated police report, the same reasoning applies. To the extent the claim is based on an alleged failure to investigation, allegations of an inadequate investigation by law enforcement are insufficient to support a § 1983 claim. *See Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved.").

With respect to Plaintiff's Third Cause of Action for municipal liability under *Monell*, the claim is based on the City's alleged toleration of false police reports, failure to train and supervise officers, and failure to investigate complaints of officer misconduct. However, Plaintiff has not linked these alleged policies to any constitutional violation suffered by him.

Because Plaintiff again has failed to state a federal claim, his FAC IS DISMISSED for lack of federal subject matter jurisdiction.

The Court must determine whether further leave to amend is warranted, considering the following factors: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of

3

amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (discussing *Foman* factors).  There is no evidence of undue delay in this court (first factor), bad faith (second factor), or undue prejudice to Defendants (fourth factor).  However, Plaintiff failed to cure the deficiencies identified in the Prior Screening Order (third factor).  Moreover, because nothing in Plaintiff's filings to date indicates that he could state a viable federal claim, it appears that further leave to amend would be futile (fifth factor).  "[A] district court does not err in denying leave to amend where the amendment would be futile." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (internal quotation marks and citation omitted).  Given Plaintiff's prior failure to cure deficiencies identified by the Court and the apparent futility of further leave to amend, the Court finds that leave to amend is not warranted here.

### III.  ORDER

(1) The first amended complaint is DISMISSED WITHOUT LEAVE TO AMEND for lack of federal subject matter jurisdiction; and

(2) The Clerk shall close the file.

Dated:  June 23, 2025

_____
BETH LABSON FREEMAN
United States District Judge